﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 191129-46188
DATE: December 31, 2019

ORDER

Subject to the law and regulations governing payment of monetary benefits, a 30 percent, but not higher, rating for frequent headaches with staggering vertigo is granted, subject to the law and regulations governing the payment of monetary benefits.

FINDING OF FACT

The Veteran’s headaches are productive of disability analogous to dizziness and occasional staggering.

CONCLUSION OF LAW

The criteria for a 30 percent, but not higher, rating for frequent headaches with staggering vertigo have been met. 38 U.S.C. §§ 1155, 5107(b) (2012); 38 C.F.R. §§ 3.159, 4.1-4.14, 4.87, Diagnostic Code 6204, 4.124a, Diagnostic Code 8100 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1955 to July 1959.

The decision on appeal was issued in November 2019. In November 2019, the appellant elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). He selected the Direct Review lane and did not submit any additional evidence with regards to his claim before the Board.

Increased Ratings

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R. Part 4. The percentage ratings are based on the average impairment of earning capacity as a result of a service-connected disability, and separate diagnostic codes identify the various disabilities and the criteria for specific ratings. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.1 (2017).

VA has a duty to consider all regulations that are potentially applicable through the assertions and issues raised in the record, and to explain the reasons and bases for its conclusions. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. The Board will consider whether separate ratings may be assigned for separate periods of time based on facts found, a practice known as “staged ratings.” Hart v. Mansfield, 21 Vet. App. 505 (2007).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Headaches

Under Diagnostic Code 8100, a 50 percent rating is appropriate with very frequent, completely prostrating, and prolonged attacks productive of severe economic inadaptability. 38 C.F.R. § 4.124a. A 30 percent rating is appropriate with characteristic prostrating attacks occurring on an average once a month over the last several months. Id. A 10 percent rating is appropriate with characteristic prostrating attacks that average one in two months over the last several months. Id. A 0 percent rating is appropriate with less frequent attacks. Id. The rating criteria do not define “prostrating” nor has the Court of Appeals for Veterans Claims. Fenderson v. West, 12 Vet. App. 119 (1999). By way of reference, in DORLAND’S ILLUSTRATED MEDICAL DICTONARY 1554 (31st Ed. 2007), “prostrating” is defined as “extreme exhaustion or powerlessness.”

Under Diagnostic Code 6204, a 10 percent rating is available for peripheral vestibular disorders manifested by occasional dizziness. The 30 percent and highest rating for this disability is provided for dizziness and occasional staggering.

The Veteran received a VA examination in August 2019 and the examiner noted that he suffered from acute intermittent tension headaches. He reported experiencing headaches intermittently, around four to six per month. They lasted less than a day and ranged from moderate to severe in intensity. When the headaches were severe, the Veteran had to lay down until they resolved. He experienced pulsating or throbbing head pain and the pain was localized to the right side of his head. The Veteran’s symptoms included nausea, sensitivity to light and sound, dizziness, and tinnitus. The head pain lasted less than a day, but the examiner found that he did not suffer from characteristic prostrating attacks of migraine/non-migraine headaches pain. Furthermore, the pain was not productive of economic inadaptability. However, the examiner also determined that the Veteran had staggering vertigo associated with his headaches that resulted in episodes where the Veteran required a walker because “he staggers while getting around.”

The Board finds the Veteran’s report on examination both competent and credible. In this regard, while the examiner did not find that there was sufficient evidence of prostrating attacks to warrant a compensable rating under Diagnostic Code 8100, as noted previously, the examiner also diagnosed staggering vertigo that has now been incorporated with the Veteran’s service-connected headaches. Therefore, since Diagnostic Code 6204 is now additionally for consideration, and the Veteran is found to sufficiently demonstrate dizziness and occasional staggering, the Board finds that his symptoms now more nearly approximate those necessary for the maximum rating of 30 percent under Diagnostic Code 6204. The highest rating under Diagnostic Code 8100 of 50 percent is not warranted because there have been no findings of very frequent completely prostrating and prolonged attacks of headache productive of severe economic inadaptability.

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Daniels, Associate Attorney

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.